IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| EDWARD TONEY #693937, | * |
| Plaintiff, | * |
| VS. | * CASE NO. 4:05-CV-148 |
| | * 42 U.S.C. § 1983 |
| SHERIFF GARY YOCHUM, | * |
| DEPUTY ANTHONY SCOTT, | * |
| DEPUTY TERRY ARNDT, | * |
| JAILER LARAMIE WILBURN, | * |
| CUTHBERT POLICE OFFICER | * |
| DEWAYNE BAISDEN, AND | * |
| CUTHBERT POLICE OFFICER | * |
| EDDIE SULLIVAN, | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

Plaintiff has filed this civil action pursuant to 42 U.S.C. § 1983, complaining of excessive force and deliberate indifference to his serious medical need. Before the court is Defendants' Motions for Summary Judgment[1]. (R-19 and 20). Although Plaintiff Toney was notified of his right to respond to Defendants' Motions for Summary Judgment, he failed to respond. (Document-21 and 22).

**LEGAL STANDARD**

---

[1] Defendants Yochum, Scott, Arndt, and Wilburn filed their Motion for Summary Judgement on June 19, 2006, which included affidavits, copies of Plaintiff's inmate Request Forms, certified copies of Plaintiff's Sentence and a certified trial transcript excerpt of Dr. Ozimba's testimony from Plaintiff's criminal trial. (R-19). Defendants Baisden and Sullivan also filed their Motion for Summary Judgment on June 19, 2006, attaching an affidavit and incorporating the arguments and evidence presented by Defendants Yochum, Scott, Arndt, and Wilburn. (R-20).

Rule 56 of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the

light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may

be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

## DISCUSSION

**I. Administrative Exhaustion of Remedies**

While prisoners have a constitutional right to access to the courts[2], those rights are regulated by 42 U.S.C. § 1997(e), which "sets forth the procedures prisoners must follow in exercising their fundamental right of access to the courts. Under this provision, prisoners must exhaust any administrative remedies available to them before filing a suit in federal court based on violations of constitutional rights." *Miller v. Tanner*, 196 F.3d 1190, 1192-

---

[2] *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996), which states that prisoners must be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."

1193 (11th Cir. 1999). Specifically, section 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In *Alexander v. Hawk*, the Court of Appeals stated, "Congress enacted this mandatory exhaustion requirement in section 1997e(a) as part of the PLRA's effort to curtail frivolous and abusive litigation." 159 F.3d 1321, 1324 (11th Cir. 1998); *See, e.g., Rivera v. Allin*, 144 F.3d 719, 727-28 (11th Cir. 1998). In *Alexander*, the Court reiterated seven policies favoring exhaustion:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise it's discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d 1321, 1327 (11th Cir. 1998); *citing Kobleur v. Group Hospitalization & Medical Services, Inc.*, 954 F.2d 705, 712 (11th Cir. 1992). Those enumerated policy reasons articulated by the Eleventh Circuit for requiring exhaustion are applicable here.

The defendants argue that Plaintiff Toney failed to exhaust his administrative

remedies, as he never filed a grievance. (R- 19, 20). A close examination reveals that while the petitioner appears to have been a prolific filer of Inmate Request Forms, no less than forty-four, no grievance form was every filed, nor did Plaintiff Toney ever circle "GRIEVANCE" on any of his Inmate Request Forms. (R-19-3, Exhibit B). Additionally, Plaintiff Toney admits that his institution had a grievance procedure but that he did not present his complaints to the institution as a grievance. (R-1, p. 2).

The law in this circuit is clear that "[a]n inmate incarcerated in a state prison. . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." *Miller,* 196 F. 3d at 1193. As 42 U.S.C. §1997e(a) requires that a prisoner Plaintiff exhaust his administrative remedies before filing federal suit, Plaintiff was premature in his filing. Therefore, all claims related to this action should be dismissed for failure to exhaust administrative remedies. Out of an abundance of caution, however, his claims will be addressed further.

**II. Claims of Excessive Force are Barred by *Heck v. Humphrey***

Defendants argue that Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). Defendants are correct in regards to Plaintiff's excessive force claims. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id*. at 487. When a section 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid. Plaintiff was convicted of two counts of aggravated assault and two counts of obstruction of a police officer for the very incident at issue. (R-19-3, Exhibit C). Plaintiff was sentenced to twenty (20) years with seven (7) to serve on the two counts of aggravated assault and five (5) years for obstruction of a police officer, to run concurrent with his first two charges. In the case at bar, plaintiff's allegations, if proved, would invalidate the state criminal proceeding. As plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by the granting of a writ of habeas corpus, it is hereby **RECOMMENDED** that plaintiff's claim for damages for excessive force be **DISMISSED** without prejudice to Plaintiff's refiling if and when a final disposition of his criminal proceedings should be resolved in his favor.

### III. Deliberate Indifference

Plaintiff alleges that Sheriff Gary Yochum denied Plaintiff medical treatment from January 10th to January 14th, 2004, and thus acted with deliberate indifference to the health and safety of Plaintiff Toney. (R-1).

Plaintiff Toney was arrested at Turning Point, a substance abuse center in Albany, Georgia, on an outstanding warrant for an assault on his wife and brought back to the Randolph County Jail on Saturday, January 10, 2004. (R-19, p. 4); citing the Yochum

Affidavit (R-19-4). Although he had been released from Turning Point without any medication, Plaintiff informed the jail staff that he had been prescribed Wellbutrin, an anti-depressant. *Id*. Plaintiff did not appear depressed, nor was he exhibiting any suicidal or aggressive tendencies, thus, his need for medication was not considered an emergency. *Id*. The Randolph County Jail contracts with Randolph Medical Associates, which is closed over the weekends, to provide for non-emergent medical care for inmates. *Id*. Although he complained that he wanted more medication, Claimant was not seen by a doctor over the weekend because he did not have a medical emergency. *Id*. On Monday, January 12, 2004, Sheriff Yochum spoke with Dr. Ozimba of Randolph Medical Associates and told him that Plaintiff Toney wanted more Wellbutrin. *Id*. Dr. Ozimba's office scheduled the first available appointment for Plaintiff, Wednesday, January 14, 2004. *Id*. Dr. Ozimba did not indicate that Plaintiff's request and/or need for Wellbutrin should be treated as an emergency. *Id*.

To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *Citing Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First a plaintiff must set forth evidence of an objectively serious medical need. *Id*. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Id.* (additional citations omitted). This Court must determine if Plaintiff Toney had an objectively serious medical need.

"In our circuit, a serious medical need is considered "one that has been diagnosed by a physician mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Id*. (Additional citations omitted). *"*In either of these situations, the medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm." *Id*.

The standard for rebutting a motion for summary judgment, as noted previously, requires a Plaintiff to do more than allege factual wrongdoing by the Defendants. The law requires that he must provide factual evidence which goes beyond mere allegation to prevent summary judgment. Plaintiff Toney failed to file an affidavit or any supporting evidence. This claim must fail as Plaintiff Toney has failed to show that he suffered an objectively reasonable serious medical need. Thus, Plaintiff has failed to state a claim upon which relief may be granted, and all claims against Defendant Yochum should be dismissed.

## IV. Failure to Intervene

Plaintiff Toney alleges that Defendants Baisden and Sullivan failed to intervene on his behalf during the alleged incident of excessive force. (R-1). As previously stated, *Heck v. Humphrey* bars Plaintiff from bringing a §1983 action for the alleged incident of excessive force. Without evidence of excessive force, a claim for failure to intervene based on allowing an act of excessive force to take place, can not stand. Plaintiff is unable to prove an essential element of this claim and therefore said claim must fail.

## CONCLUSION

To preclude summary judgment once the Defendants have provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. Having submitted sworn statements, the Defendants, as the moving parties, have met their burden of proof. That is, they have demonstrated to the court the basis for each of their motions which they believe show that there is an absence of any genuine issue of material fact. In response, when the burden of proving that the Defendants were not entitled to a judgment as a matter of law shifted to the Plaintiff, he failed to respond. The evidence was examined by this court in a light more favorable to the Plaintiff, as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). It is recommended that Defendants' Motions for Summary Judgment be **GRANTED** as Plaintiff has failed to provide evidence to show that any material fact upon which relief may be granted still exists.

Furthermore, this Court finds that Plaintiff's action is frivolous. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). An action is "frivolous" for purposes of § 1915(e)(2) if "it is without arguable merit either in law or fact." *Napier v. Preslicka,* 314,

10

F.3d 528, 531 (11th Cir. 2002), *cert. denied*, 124 S.Ct. 1038 (2004).

**ACCORDINGLY**, because it appears that Defendants are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Defendants' Motions for Summary Judgment filed on their behalf be **GRANTED** as to all Claims.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 31th of August, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc